## STOVER v. VALLEY NAT. BANK OF CHAMBERSBURG, PA., et al.

### No. 4484.

Circuit Court of Appeals, Third Circuit.
March 10, 1931.

John McD. Sharpe and Walter K. Sharpe, both of Chambersburg, Pa., for appellant.

Edmund C. Wingerd, Edwin D. Strite, and Minehart & Crider, all of Chambersburg, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This case is here on appeal from an order and decree of the District Court dismissing the appellant's exceptions to an order of a referee in bankruptcy disallowing two claims of the appellant based upon mortgages upon real estate of the bankrupt as preferred claims and allowing them only as unsecured claims under the following circumstances:

On August 16, 1927, Emmert Sheely was adjudged a bankrupt and the cause referred to a referee in bankruptcy. The appellant, John P. Stover, filed with the referee a claim for $6,000 based upon a mortgage executed March 31, 1924, and a claim for $4,000 based upon a mortgage dated March 13, 1925. Both mortgages were recorded in the office of the recorder of deeds for the proper county on June 29, 1927, which was within four months of the filing of the petition and adjudication in bankruptcy. The mortgagee claimed a preference in the amount of the mortgages, with interest, out of the proceeds of the sale of the real estate described in the mortgages. Stover's claims were allowed by the referee then in office.

The Valley National Bank of Chambersburg, appellee, had, on July 11, 1927, entered judgment upon a judgment note, payable on demand, dated April 14, 1921. The Citizens' National Bank of Greencastle, appellee, and other creditors held claims based upon notes and upon judgments entered after the recording of Stover's mortgages. There were no other mortgages against the land mortgaged to Stover.

The referee who allowed the claims having died, the Valley National Bank of Chambersburg, a creditor, presented a petition to the referee who succeeded him to reconsider and disallow the claims as preferences and to hold that they are entitled to no preference or priority in the distribution of the proceeds of the sale of the real estate. After hearing, the referee entered an order disallowing both claims as preferred and allowing each claim as an unsecured claim with interest. To that order Stover excepted, whereupon the matter was brought before the court upon a certificate for review. The District Judge dismissed the exceptions and sustained the disallowance of the claims as preferred claims.

It is not disputed that the two mortgages were executed and delivered for present and valuable consideration in the principal amounts thereof; that at the time they were executed and delivered, Sheely, the bankrupt, was solvent; that, at the time they were recorded, there were no other mortgages, judgments, or liens of record against the real estate covered by the mortgages; and that at the time of recording, Sheely was insolvent and Stover had reason to believe that he was insolvent.

The District Judge followed the conclusions reached in the cases of In re Dundore (D. C.) 26 A. B. R. 100, and English v. Ross (D. C.) 140 F. 630. In his opinion the learned judge said, in construing section 60, paragraphs a and b, of the Bankruptcy Act (11 USCA § 96 (a, b):

"The application of paragraphs a and b above quoted depends upon the meaning to be given to the phrase in paragraph a 'if by law such recording or registering is required.'

"The Act of Assembly of Pennsylvania of April 27, 1927, P. L. 440, § 1 (21 PS § 622), provides for the recording of mortgages, as follows: ' * * * No mortgage, or feasible deed in the nature of a mortgage, shall be a lien, until such mortgage or defeasible deed shall have been recorded, or left for record, as aforesaid.' "

Under the act of Assembly of Pennsylvania, cited above, we agree with the court below that the recording of the mortgages as transfers was "required" in order for them to become liens upon the real estate of the mortgagor. What their status would have been without recording is not before us. The question is whether the transaction constituted the two mortgages voidable preferences as against any other creditors of Sheely's estate in bankruptcy represented by the trustee. It is undisputed that, at the time of recording, there were no other creditors, having liens upon the real estate in question, who would, by judgment or otherwise, be regarded in the law as creditors of the same class.

In Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, the

Supreme Court construed section 47a, cl. 2, of the Bankruptcy Act, 11 USCA § 75 (a) (2) vesting the trustee with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied as meaning that, when not otherwise provided, the rights, remedies, and powers of the trustee in bankruptcy are determined with reference to the conditions existing when the petition is filed, and that a trustee in bankruptcy cannot, under section 47a, cl. 2, of the Bankruptcy Act, 11 USCA § 75 (a) (2), assail a contract of conditional sale filed prior to, but within four months of, the petition on the ground that he has the status of a creditor fastening a lien under the provisions of a state law on the property prior to the recording of the contract; and this because the trustee acquires that status only from the filing of the petition. See Dudley v. Easton, 104 U. S. 99, 26 L. Ed. 668.

And in Carey v. Donohue, 240 U. S. 430, 36 S. Ct. 386, 389, 60 L. Ed. 726, L. R. A. 1917A, 295, the court said: "The limitation of the provision to those transfers which are 'required' to be recorded under the applicable law is not to be taken to be an artificial one by which the rights of creditors are made to depend upon the presence or absence of local restrictions adopted, alio intuitu, in the interest of others. Rather, as we have said, we deem the reference to be to requirements of registry or record which have been established for the protection of creditors,—the persons interested in the bankrupt estate, and in whose behalf, or in whose place, the trustee is entitled to act. And where, as in this case, there is no such requirement, and the transfer was made more than four months before the filing of the petition in bankruptcy, there can be no recovery under § 60 [11 USCA § 96]."

In Martin v. Commercial National Bank, 245 U. S. 513, at page 519, 38 S. Ct. 176, 178, 62 L. Ed. 441 it is said:

"The word 'required' in section 60b [11 USCA § 96 (b)] refers directly to statutes in many states relating to recording which through various forms of expression seek to protect creditors by providing that their rights shall be superior to transfers while off the record. Recognizing the beneficial re-

sults of these enactments and intending that rights based thereon might be utilized for the advantage of bankrupt estates, Congress inserted (amendment of 1910) the clause 'or of the recording or registering of the transfer if by law recording or registering thereof is required.' In Carey v. Donohue we pointed out that purchasers are not of those in whose favor registration is 'required,' but that the reference is to persons concerned in the distribution of the estate, i. e., 'creditors including those whose position the trustee was entitled to take.' And we think it properly follows that before a trustee may avoid a transfer because of the provision in question he must in fact represent or be entitled to take the place of some creditor whose claim actually stood in a superior position to the challenged transfer while unrecorded and within the specified period.

"The Georgia statute imposes the requirement of registration only in favor of a creditor who fixes a lien on the property before recording takes place. Here there is no such person; the trustee occupies the status of one who acquired a lien after that event. No one concerned in the distribution of the estate actually held rights superior to the mortgage while off the record."

See, also, Bunch, Petitioner, v. Maloney, Trustee, 246 U. S. 658, 38 S. Ct. 425, 62 L. Ed. 925, where, in a per curiam decision, a decree of the Circuit Court of Appeals of the 8th Circuit (233 F. 967) was reversed upon the authority of Martin v. Commercial National Bank, supra.

The situation in the present case is on all fours with the facts briefly stated in the foregoing citation. The trustee has no lien except that derived under section 47a (11 USCA § 75 (a) under which he is "deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." And his lien is fixed as of the date when the petition in bankruptcy was filed. The recording of the mortgages, therefore, gave the mortgagee liens superior to that of the trustee.

The order and decree of the court below is reversed, with direction that the claims of the appellant be allowed as preferred claims, as against the fund derived from the sale of the mortgaged real estate.