SACHS v. HADDEN.

No. 234, Docket 21330.

United States Court of Appeals
Second Circuit.

April 12, 1949.

Krause, Hirsch, Levin & Heilpern and Sydney Krause, all of New York City, for appellant.

Zalkin & Cohen and B. B. Fensterstock, all of New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The appellant, Joseph Sachs, appeals from an order of the District Court denying his motion to vacate certain parts of a subpoena duces tecum. The subpoena was authorized in proceedings in the Southern District of New York ancillary to a voluntary petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. The debtor, the Manufacturers Trading Corporation, filed the petition on October 15, 1948, in the United States District Court for the Northern District of Ohio, Eastern Division; and the appellee, Hadden, was appointed a trustee, and instituted the ancillary proceedings. The subpoena required the appellant to produce a large number of documents, concerning, not only his transactions with the debtor, but with third persons, and it is against the production of the last that he particularly objects. The debtor was engaged in commercial financing, and owes about nine million dollars to twenty-four banks and one commercial investment trust; and it has claims against the appellant of $3,700,000, constituting nearly a third of the book value of the debtor's assets— $11,500,000. One or more Federal alcohol tax units have started proceedings to revoke the appellant's licenses upon the ground that his brother, Alfred H. Sachs, the debtor's president, is the principal of the business conducted in his name, to which the loans just mentioned were made. The appellant has asserted that the loans were usurious, and has demanded the return of the collateral which secured them.

Enough has appeared to show the close connection of the appellant with the debtor and the possibility that the loans were no more than a withdrawal of the debtor's funds from its treasury. In any event the assets of the appellant may be a very considerable part of the debtor's estate, if the claim against him turns out to be valid, and the preparation of a "Plan" may well depend upon their prospective amount. The examination need not await the determination of the debtor's claims against the appellant; it should go into his financial affairs without reserve, and he must present all documents relating to his financial transactions with the debtor, or with third persons. It is impossible to lay down in advance its strict limits; the master will of course rule out questions or documents which plainly have no bearing upon the reorganization; but he should not exer-

cise this discretion unless it is very clear that they have not. It will not be a valid objection that the examination is exploratory and groping; and it may be as searching as to him appears proper.

Order affirmed.