**Albert H. CARTER, Plaintiff-Appellant,**

v.

**TELECTRON, INC., Defendant-Appellee.**

No. 75–3893
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 1, 1977.

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., et al.,* 5th Cir., 1970, 431 F.2d 409, Part I.

Albert H. Carter, pro se.

James E. Coate, Alvin, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Plaintiff, Albert H. Carter, appeals from the district court's dismissal of his 42 U.S.C. §§ 1981, 1983 action against defendant Telectron, Inc. Carter's complaint alleged that Telectron, Inc. unlawfully deprived him of his property when it succeeded in getting the court to set aside a final judgment of default rendered against it and in Carter's favor in the District Court of the 80th Judicial District of Harris County, Texas. The operative sentence of the court's order provides:

> Therefore, since plaintiff's cause against the defendants is still pending in the District Court for the 80th Judicial District of Harris County, Texas, and since plaintiff has failed to allege either a cause of action against the defendants or demonstrate any loss he has suffered as the result of the defendants' wrongful conduct, the Court finds that this case should be and the same is hereby DISMISSED.

Carter does not seek a reversal of the district court's dismissal of the complaint but requests only that the instant case be remanded with instructions to indicate that the order is without prejudice. In the past, this court has granted similar requests. E. g., Transit Casualty Co. v. Security Trust Co., 396 F.2d 803, petitions for rehearing and rehearing en banc denied, 399 F.2d 665 (1968), cert. denied, 393 U.S. 1024, 89 S.Ct. 635, 21 L.Ed.2d 568 (1969).

The final sentence of Federal Rule Civil Procedure 41(b), which applies to involuntary dismissals of federal complaints, provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Unlike the result in some situations, a failure to state a cause of action under 42 U.S.C. §§ 1981, 1983, or 1985 "has the effect of depriving federal courts of subject matter jurisdiction under [28 U.S.C. § 1343(3)]." Campbell v. Gadsden County District School Board, 534 F.2d 650, 653 n. 3 (5th Cir. 1976). As we noted in Mann v. Merrill Lynch, Pierce, Fenner & Smith Co., 488 F.2d 75, 76 (5th Cir. 1973), "[a] dismissal for lack of jurisdiction is not a dismissal on the merits that makes the action res judicata. . . . Indeed the lack of jurisdiction renders the court powerless to make a decision on the merits. [Citation omitted.]" Accordingly, in the absence of any indication to the contrary, see Weissinger v. United States, 423 F.2d 795 (5th Cir. 1976), dismissal of a 42 U.S.C. §§ 1981, 1983 complaint for failure to state a cause of action constitutes a dismissal "for lack of jurisdiction" under the final sentence of rule 41(b).

The case is remanded to the district court with instructions to modify its order to show that it is without prejudice.

REMANDED WITH INSTRUCTIONS.