**In re Samuel C. RATMANSKY, Debtor.**

**Bankruptcy No. 80–00519G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 23, 1980.

Jack K. Miller, Philadelphia, Pa., for debtor.

Margaret Graham, Philadelphia, Pa., Trustee.

Jeanne P. Wrobleski, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Bernice Gordon, a creditor.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

There are two issues before us which, because of their interrelationship, we will consider in this opinion. One involves the motion of a creditor to dismiss the debtor's Chapter 13 case and the other embraces the confirmation of the debtor's Chapter 13 plan. While we cannot dismiss the instant case for any of the reasons advanced by the creditor, we conclude that the debtor's case should be dismissed because the debtor's plan cannot be confirmed because of the lack of good faith demonstrated by the debtor before this court.

The facts of the instant case are as follows:[1] Samuel C. Ratmansky ("the debtor") first appeared before this court on September 19, 1978, when he filed a petition under Chapter XIII of the Bankruptcy Act ("the Act"). During the course of that proceeding, Liberty Federal Savings and Loan Association ("Liberty") filed a complaint seeking relief from the automatic stay to permit it to proceed with foreclosure of its mortgage on the debtor's residence. That complaint was settled by the execution of an agreement between the parties. When the debtor failed to abide by that agreement, Liberty filed another complaint for relief from the stay. In an opinion and order dated February 25, 1980, we granted Liberty's requested relief.[2] Thereafter, on March 5, 1980, after his plan had been confirmed, the debtor moved that we dismiss his Chapter XIII case without prejudice, which we did on March 10, 1980, pursuant to Rule 13–215(a) of the Rules of Bankruptcy Procedure.[3]

On March 11, 1980, the debtor filed a petition under Chapter 13 of the newly enacted Bankruptcy Code ("the Code").[4] Ignoring the fact that our decision in the prior Chapter XIII case was *res judicata* of the issue, Liberty again filed a complaint for relief from the automatic stay. A hearing was held on that complaint on September 2, 1980. Thereafter, another creditor of the debtor's Bernice Gordon ("Gordon"),[5] filed an application for an order requiring the debtor and his sons, Paul and Joel Ratmansky, to appear for examination pursuant to Rule 205(a) of the Rules of Bank-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *In re Ratmansky*, 2 Bankr.Rep. 529 (E.D.Pa. 1980).

3. Rule 13–215(a) provides:
   After confirmation, (A) on application of the debtor to dismiss the case ... (2) in any other case [other than where the confirmation is revoked for fraud] in which the petition was filed pursuant to Rule 13–103, the court shall enter an order dismissing the case.

4. The Bankruptcy Code became effective on October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2682 (1978).

5. Gordon is a creditor of the debtor having obtained a judgment against him on January 16, 1978, in the United States District Court for the Eastern District of Pennsylvania in the amount of $36,565 based on a loan which the debtor procured through various misrepresentations including a promise of marriage.

ruptcy Procedure.[6] We granted that application and the debtor was examined by Gordon's attorney on April 28, 1980. On August 26, 1980, Gordon filed a motion to dismiss the debtor's Chapter 13 case which was heard on September 3 and 5, 1980. On November 6, 1980, while the complaint of Liberty for relief from the stay and the motion of Gordon to dismiss this case were pending, a hearing to confirm the debtor's plan was held. Because we find that the actions of the debtor before this court evidence a lack of good faith on his part, we conclude that we cannot confirm the debtor's plan and we will consequently dismiss the debtor's Chapter 13 case. In view of that decision the issue of relief from the automatic stay is moot.

I. *The Motion to Dismiss.*

■ Gordon has based her motion to dismiss on three contentions. Firstly, she argues that, since the debtor had originally filed under Chapter XIII of the Bankruptcy Act, he is prohibited from now filing under Chapter 13 of the Bankruptcy Code by section 403(a) of the Bankruptcy Reform Act of 1978. That section provides:

> A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act [the Code] had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act [the Code] had not been enacted.[7]

We conclude that that section is inapplicable to the case at bench. Here, there is no case under the Act which is *presently* pending before us. The case which had been filed by the debtor under the Act has already been dismissed and the only case before us is the one filed under the Code which is, therefore, governed by the provisions of that legislation, not the provisions of the Act.

The cases which Gordon cites in support of her argument are clearly distinguishable. In those cases there were cases pending under the Act which the debtors wished to have dismissed in order to permit them to refile under the Code. In each of the cases, the court denied dismissal citing section 403(a) as authority. *See In re Blue and In re Lynch,* 4 Bkrtcy. 580 (D.Md.1980) (bankruptcy judge refused to dismiss straight bankruptcy cases filed under the Act because there was a likelihood or possibility that the bankrupts would refile under the Code). *See also, In re Geiger Enterprises, Inc.,* 4 Bkrtcy. 444 (W.D.N.Y.1980)[8] (dismissal of Chapter XI case under the Act where the debtor desired to refile under Chapter 11 of the Code in order to consolidate the case with related cases already filed under the Code); *In re Eagson,* 1 Bkrtcy. 777 (E.D.Pa.1980) (where we dismissed a case filed under Chapter 11 of the Code where there was already a case involving the debtor pending under the Act). The above cited cases are also distinguishable from the instant case in that they dealt with cases under Chapter IV or XI of the Act and not under Chapter XIII and the provisions for a voluntary dismissal by the bankrupt or debtor are different under those chapters from the provision for dismissal under Chapter XIII.[9]

■ Gordon's second argument is that the instant case should be dismissed because

**6.** Rule 205(a) provides that "Upon application of any party in interest, the court may order the examination of any person."

**7.** The Bankruptcy Reform Act of 1978, Pub.L. No.95 598, § 403(a), 92 Stat. 2683 (1978).

**8.** That decision was reversed and remanded by the United States Court of Appeals for the Second Circuit, which held that section 403(a) did not always preclude a dismissal of a Chapter XI case where the debtor desired to refile under the Code but that the bankruptcy court should consider how the refiling would prejudice creditors before allowing the debtor to dismiss. *In re Geiger Enterprises, Inc.,* Nos. 80 5015, 80 5017, 80–5019, and 80–5029–31 (2d Cir. October 29, 1980).

**9.** *Compare* Rule 120 and Rule 11–42 *with* Rule 13 215 of the Rules of Bankruptcy Procedure.

the debtor is not an individual with regular income and is, thus, not eligible to file under Chapter 13. Section 109(e) of the Code states that "Only an individual with regular income ... may be a debtor under Chapter 13 of this title." 11 U.S.C. § 109(e). Section 101(24) of the Code defines an " 'individual with regular income' as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title." 11 U.S.C. § 101(24).

In response to this argument, the debtor correctly asserts that a debtor under Chapter 13 need not have a regular source of income because section 1322(b)(8) states that a Chapter 13 plan may provide for payments to the unsecured creditors from the sale of the debtor's property rather than from the debtor's future income. While this is true, the debtor has offered no proof that he intends to sell his property. On the other hand, the debtor's Chapter 13 plan and statement were not introduced into evidence in the proceeding dealing with the motion to dismiss and, consequently, there is no evidence from which we can conclude that the debtor proposes to do anything other than make payments to the trustee from his future income.[10] Thus, the debtor's argument under section 1322(b)(8) is of no avail.

However, the burden of proving her case is on Gordon and it is at this point that her evidence falls short of what the law requires. In support of her contention that the debtor is not an individual with regular income, Gordon directs us to the debtor's own testimony given at the Rule 205(a) examination. However, Gordon did not offer the transcript of that testimony into evidence at the hearing held on her motion to dismiss and, therefore, that evidence is not before us in this matter. As the United States Court of Appeals for the Third Circuit stated in *In re Aughenbaugh*, 125 F.2d 887 (3d Cir. 1942):

> In passing upon this question we may consider only the evidence which was presented to the referee [in bankruptcy] at the hearing upon the trustee's exceptions to the mortgagee's priority claim. We may not consider other evidence which may have been in the files of the referee in the bankruptcy administration proceeding. To hold otherwise would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal.

*Id.* at 889.

Although a motion filed by a creditor to dismiss a debtor's Chapter 13 case is not an adversary proceeding under the Rules of Bankruptcy Procedure,[11] it is a contested matter involving two opposing parties, with many of the features of a true adversarial proceeding.[12] Consequently, we conclude that the rule stated in *Aughenbaugh* is applicable and that the only evidence which we may consider in resolving this contested matter is the evidence introduced at the hearing by one of the parties. Here, although Gordon referred throughout her motion and brief and at the hearing held herein to the testimony given at the Rule 205(a) examination and although we presided at that examination and heard that testimony, the notes of testimony of that examination were never introduced into evidence at the hearing on the motion to dismiss. Consequently, the debtor was not given an opportunity to object to the relevancy or admissi-

---

10. *See In re Aughenbaugh*, 125 F.2d 887 (3d Cir. 1942) and the discussion below with respect to our inability to consider as evidence in a contested matter papers which may be in the bankruptcy file but which were not introduced into evidence at the hearing held on that contested matter.

11. *See* Rule 701 of the Rules of Bankruptcy Procedure which lists what matters are adversary proceedings.

12. Furthermore, pursuant to Rule 914 of the Rules of Bankruptcy Procedure, many of the rules governing adversary proceedings are applicable to such contested matters as the instant one.

bility of that evidence nor was he given an opportunity to rebut it. Furthermore, since the scope of a Rule 205(a) examination is extremely broad—amounting to a fishing expedition in many cases [13]—it is particularly important to give the debtor an opportunity to question the relevancy and admissibility of testimony given at that examination in light of the particular issue relevant in a contested matter. To deny the debtor that opportunity would be a denial of his due process rights. In light of the above, we will not consider the testimony of the debtor given at the Rule 205(a) examination in deciding Gordon's motion to dismiss.

Absent that testimony, there is no evidence before us that the debtor is not in fact an individual with a regular source of income. Thus, given the expanded scope of Chapter 13 under the Code,[14] we conclude that the debtor is eligible for relief under that Chapter.

■ Gordon's third ground for seeking dismissal of the debtor's case is that the debtor has not filed his petition and plan in good faith. The debtor asserts, in response, that there has been no evidence presented of a lack of good faith and that, even if there were, lack of good faith is a relevant issue only in determining whether to confirm a plan under section 1325(a)(3) and not in deciding a motion to dismiss a Chapter 13 case. We disagree with the debtor's last contention. Section 1307(c) of the Code provides that the court may dismiss a case under Chapter 13 "for cause" and lack of good faith by the debtor is, in our judgment, adequate cause for dismissal. However, in connection with Gordon's motion to dismiss, the debtor is correct in his first contention,—that there was no evidence presented at the hearing on this motion to

demonstrate a lack of good faith on the part of the debtor. Again, Gordon attempted to rely on the testimony given by the debtor at the Rule 205(a) examination (as well as on the debtor's Chapter XIII and Chapter 13 plans and statements) to prove a lack of good faith. However, as we stated above, because this is a contested matter, Gordon was required to offer the debtor's prior testimony and the plans and statements into evidence before we can consider any of them. There being no other evidence of the debtor's lack of good faith before us on the motion to dismiss, we cannot grant the motion on that ground. However, since denial of the confirmation of the debtor's plan may be grounds for dismissal, we will address the issue of confirmation in relation to Gordon's motion to dismiss.

II. *Confirmation of the Debtor's Chapter 13 Plan.*

■ Section 1325(a) of the Code requires the bankruptcy court to confirm a debtor's Chapter 13 plan if certain criteria are met, including that "(3) the plan has been proposed in good faith and not by any means forbidden by law." A hearing on confirmation of a plan is not an adversarial proceeding, rather it is an equitable proceeding in which the court has the duty to scrutinize the debtor and his plan before the debtor may obtain the benefits of confirmation of his plan under the Code. In fulfillment of that duty we conclude that we must consider everything in our files—in the case before us as well as in any other case which the debtor may have filed—in order to determine whether the criteria of section 1325(a) have been met. To hold that we are precluded from considering any evidence except that presented at the confirmation

**13.** *See*, e. g., *Freeman v. Seligson*, 405 F.2d 1326 (D.C.Cir.1968); *Kaye v. Spach*, 302 F.2d 298 (5th Cir. 1962); *Chereton v. United States*, 286 F.2d 409 (6th Cir.), *cert. denied*, 366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 584 (1961); *Herron v. Blackford*, 264 F.2d 723 (5th Cir. 1959); *Sachs v. Hadden*, 173 F.2d 929 (2d Cir. 1949); *In re Eastern Utilities Investing Corp.*, 98 F.2d 620 (3d Cir. 1938); *In re Fixen & Co.*, 96 F. 748 (S.D.Cal.1899); *In re Park Crescent Nursing*

*Home*, 21 Collier Bankr. Cases 28 (S.D.N.Y. 1979); *In re Calessio*, 1 Bankr.Ct.Dec. 848 (N.E. Cal.1974); 12 Collier on Bankruptcy ' 205.15[1] (14th ed. 1978).

**14.** *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 311–12 (1977), U.S.Code Cong. & Admin. News 1978, p. 5963; S.Rep.No.95–595, 95th Cong., 2d Sess. 24 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

hearing would require us to automatically confirm every Chapter 13 case in which no creditor appeared to object to the confirmation of the plan. We conclude that Congress clearly did not intend such a result because it required that we consider the criteria listed in section 1325(a) whether or not anyone objects to the confirmation of the debtor's plan.[15]

Furthermore, we do not believe that such a conclusion is precluded by *Aughenbaugh, supra.* The rule stated in *Aughenbaugh* —that the court may consider only the evidence presented to it—is applicable only to adversarial-type proceedings. The issue of confirmation of a plan need not be determined by an adversary proceeding but may be determined by the bankruptcy judge in the exercise of his equitable powers in administering cases under the Code. The relief provided by Congress under the Code is meant only for the honest debtor and we are not precluded from examining the public records of this court to determine a debtor's good faith. We do not believe that to do so would be a denial of the debtor's right of due process, but rather we conclude that a debtor who desires relief under the Code is obligated at every turn to manifest his good faith. A debtor who does not do so may not have his plan confirmed by asserting that the evidence of his bad faith and dishonesty should not be considered by the court. Consequently, we conclude that, in deciding the issue of whether the debtor's Chapter 13 plan should be confirmed, we must look at everything that has been filed in the debtor's case which may be relevant to the criteria listed in section 1325(a)—including the Chapter 13 plan, statement, schedules, notes of testimony of the Rule 205(a) examination, the standing trustee's records relating to the performance of the debtor to date under the plan, and the records of any other case filed previously by the debtor.

After such an examination of our files, we conclude that there is ample evidence of a lack of good faith on the part of the instant debtor, particularly from our reading of the notes of testimony of the Rule 205(a) examination. For example, that testimony shows that during the life of his Chapter XIII plan, although the debtor was apparently earning an average of $7,700 per month, he failed to make many of the necessary payments to the trustee during that time.[16] No explanation was offered by the debtor for those failures.

Other evidence of conduct by the debtor during the life of his Chapter XIII plan which may shed a light on his good faith in proposing the present Chapter 13 plan are: (1) in his Chapter XIII statement he stated that in 1978 he had earned $2,775 per month, while at the Rule 205(a) examination he testified that he had earned no money for that year; (2) the debtor testified that in 1979 he had earned about $80,-000 (or $6,666 per month) but he never amended his Chapter XIII statement to reflect that increased income; and (3) in his Chapter XIII statement he stated that he would be paying $600 per month for tuition for his daughter, while he later testified that his daughter had a scholarship and he did not have to pay for her tuition.

Although a debtor who has filed and obtained the dismissal of previous wage earner or rehabilitation petition may not be precluded from filing a new petition, his performance under the previous petition may be examined as an indication of how he will perform under the new case. Thus, evidence that the debtor had made misrepresentations on his prior statement and had

---

**15.** Cf. *In re Hurd*, 4 Bkrtcy. 551, 558 (W.D. Mich.1980); in which the bankruptcy court stated that "Congress intended by the requirement of 'good faith' [in section 1325(a)], to rely upon the common sense and the perception of justice and equity in the federal courts to assure the fair administration of the new Chapter 13."

**16.** This conclusion is further based on an examination of the bank statements of the debtor's checking account from April, 1979, to December, 1979, as well as the records of Margaret Graham, the standing trustee, and the testimony of the debtor. From those it appears that the debtor made nine payments from February, 1979, to January, 1980, three of which checks were returned for insufficient funds.

failed to make the required payments without any suggested justification might tend to prove a lack of good faith in the debtor's filing of the new statement and plan.

In the instant case, the debtor's performance under the prior petition suggests a good indication of his current performance under the new petition. This is evidenced by the several misrepresentations the debtor made in his new statement: (1) he listed his gross income for 1979 as $35,000 on his Chapter 13 statement while testifying, in his Rule 205(a) examination that, in fact, he made about $80,000; (2) in his budget he lists that he pays $150 per month for auto insurance and $250 per month for tuition while testifying that he has no car and that his daughter has a full scholarship; and (3) he lists in his budget that he anticipates paying $450 per month for taxes while testifying that he did not pay any taxes for 1977 and 1978 and anticipated paying none for 1979.

Accordingly, we conclude that the debtor's conduct in relation to both his prior Chapter XIII plan and his current Chapter 13 plan clearly evidences a lack of good faith on his part. We, therefore, will deny confirmation of the debtor's Chapter 13 plan pursuant to section 1325(a)(3). Moreover, in light of the fact that it is the debtor's conduct before this court which motivates us to deny confirmation rather than the terms of the debtor's plan, we conclude that it would be futile to permit the debtor to submit an amended plan. Consequently, we will dismiss the debtor's Chapter 13 case pursuant to section 1307(c)(4)[17] with prejudice.

17. Section 1307(c) provides that the court may dismiss a Chapter 13 case for several reasons including:
(4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan.
11 U.S.C. § 1307(c).
At least one court has stated that, under section 1307, the bankruptcy court may not dismiss a case on is own motion but must do so only on the motion of a party in interest. See In re Terry, 630 F.2d 634 (8th Cir. 1980).

While, in the instant case, the creditor (Gordon) did not raise, as a reason to dismiss this case, the denial of confirmation of the debtor's plan (since confirmation of the plan had not been denied at the time of her motion), she did raise the issue of lack of good faith. Consequently, since we denied confirmation because of the debtor's lack of good faith and feel that dismissal is warranted because of the denial of confirmation, we conclude that another notice and hearing on the dismissal of this case is not necessary or required.