In re REGENCY WOODS APART-
MENTS, LTD., a Georgia Limited
Partnership, Debtor.

EAST RIVER SAVINGS BANK,
GROWTH REALTY COMPA-
NIES, Movants,

v.

REGENCY WOODS APARTMENTS,
LTD., a Georgia Limited Partner-
ship, Respondent.

Bankruptcy No. 79–00649–COL.

United States Bankruptcy Court,
M. D. Georgia,
Columbus Division.

April 24, 1981.

Charles A. Gower, Columbus, Ga., for debtor.

L. B. Kent, Columbus, Ga., for movant/East River Sav. Bank.

James E. Rollins, Atlanta, Ga., for movant/Growth Realty Companies.

IN PROCEEDINGS FOR AN ARRANGE-
MENT UNDER CHAPTER 11 OF
THE BANKRUPTCY CODE

MOTIONS TO DISMISS CASE FOR
LACK OF JURISDICTION OVER
THE SUBJECT MATTER

ORDER DENYING MOTIONS
TO DISMISS

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Before the Court are respective motions of each of the Movants to dismiss the Chapter 11 case of Debtor for lack of jurisdiction of subject matter. Herein, the Bankruptcy Act of 1898 will be referred to as [Act] and the Bankruptcy Reform Act of 1978 will be referred to as [Code] except where § 403(a) is used, it has reference to § 403(a) of Title IV—TRANSITION of the Bankruptcy Reform Act of 1978. These motions raise questions on the interplay between the Act

and the Code by reason of the "Savings Provision" at § 403(a) and the application of that section because of a previously dismissed Chapter XII case of Debtor under the Act and a subsequent Chapter 11 case of Debtor under the Code. § 403(a) is as follows:

### SAVINGS PROVISIONS

"A case *commenced* under the Bankruptcy Act, and all matters and proceedings in or relating to any *such case*, shall be conducted and determined under such Act as if this Act had not been enacted, *and* the substantive rights of parties in connection with any *such bankruptcy case*, matter, or proceeding shall *continue* to be governed by the law applicable to *such case*, matter, or proceeding as if the Act had not been enacted." (Emphasis added).

On August 3, 1979, Debtor filed a petition seeking relief under Chapter XII of the Act. On August 29, 1979, East River Savings Bank, New York, New York [East River], filed a motion to dismiss the Chapter XII case asserting that it was a member of the Federal Home Loan Bank and that by reason of § 517 of the Act, the Chapter XII case should be dismissed. The pertinent parts of § 517 of the Act are:

"Sec. 517. Nothing contained in this chapter . . . nor shall its provisions be deemed to allow extension or impairment of any secured obligation held . . . by any Federal Home Loan Bank or Member thereof."

No plan had been filed at the time of the filing of this motion of August 29, 1979 to dismiss the Chapter XII. The parties were advised by the Court that no ruling on the motion would be made until the plan had been filed. It was necessary for the Court to determine if the plan was contrary to this section. On October 30, 1979, the Debtor filed its plan and it was apparent that the plan proposed an extension and/or impairment of the secured obligation of East River, and by Order dated October 31, 1979 the Chapter XII case was dismissed. The Debtor in that case made no suggestion

that the case continue only as to Growth Realty Companies [Growth] as § 517 of the Act had no application to it. The Order of Dismissal was not appealed and, accordingly, became final.

On October 1, 1979, the Bankruptcy Reform Act of 1978 became effective. On December 3, 1979, Debtor filed a voluntary petition for relief under Chapter 11 of the Code. A number of hearings in the Chapter 11 case have been held, a plan confirmed, and a voluminous file as well as transcripts have developed, and then on March 16, 1981 Growth filed its motion to dismiss the Chapter 11, and on March 27, 1981 East River filed its motion to dismiss the Chapter 11, each motion asserting lack of subject matter jurisdiction by reason of § 403(a).

Movants assert that § 403(a) is a bar to the subsequent filing of a case under the Code following dismissal of the case filed by the same Debtor under Chapter XII of the Act, and, accordingly, they assert that this Court lacks jurisdiction of the subject matter of the pending Chapter 11 case filed as above stated on December 3, 1979.

Analysis of § 403(a) is required. As § 403(a) is analyzed it is clear under the facts in this case that it has application only to cases commenced under the Act, and we construe the section to mean commenced and pending at the time a new case is filed under the Code. The practical effect of 403(a) is to bar the filing of a case under the Code if a case is *pending* under the Act. No case was *pending* under the Act when the Chapter 11 under the Code was filed. § 403(a) is not a bar to the subsequent filing of a Chapter 11 case under the Code following dismissal of the Chapter XII case under the Act filed by the same debtor. § 403(a) does not, in this case, deprive the Court of subject matter jurisdiction. There was no pending case under the Act to bar the case under the Code.

In this § 403(a) the words "such case" appears twice and "such bankruptcy case" appears once, and these words refer to the first words of the section "a case commenced under the Bankruptcy Act." The

first phrases deal with procedure followed by the word "and," and the subsequent phrases concern substantive rights. Because of the use of the word "and," and this being in the conjunctive, both the former phrases and the later phrases cannot be separated.

It is quite evident that the procedural phrases apply to a case commenced, and of necessity pending, at the time of the filing of a new case under the Code. It, in fact, prohibits following procedures under the new Code if a case is pending under the Act.

■ The latter phrases following the conjunction "and" involve the substantive rights of the parties, and those are to be determined under the Act in cases pending at the time of the filing of a case under the Code. It, in fact, prohibits the application of substantive rights in the new Code to cases pending under the Act. The substantive rights refers only to pending cases and would have no application if there is no case pending under the Act. This is so because the words "shall continue" refers to "such cases," "commenced under the Act." The substantive rights could not "continue to be governed" by the Act unless there was a case to "continue" under the Act that had already "commenced" under the Act. If a case has been terminated, there is nothing to "continue," and thus § 403(a) has application only to pending cases because it is only a pending case that can "continue." It, therefore, follows that § 403(a) can have no operative application except to cases commenced and *pending* under the Act. We construe § 403(a) as a prohibition against the filing of a case under the Code if there is a pending case under the Act. If there is no pending case, there is nothing to which § 403(a) can apply.

■ In the instant case, the Chapter XII case under the Act having been dismissed a month earlier, there was not *pending* any case "commenced under the Bankruptcy Act" at the time the Chapter 11 case was filed under the Code. Accordingly, there was nothing to which § 403(a) could apply. Also, there is no prohibition under this section prohibiting the Debtor from filing a Chapter 11 case under the Code if there is no *pending* case under the Act.

■ It might be argued that the Chapter XII case under the Act was pending on October 1, 1979, the effective date of the Code, and the Order of Dismissal not having been entered until October 31, 1979, there was a case commenced and pending on the effective date of the Code, but § 403(a) does not make the cutoff date the effective date of the Code. Even if this were not so, the Chapter XII case filed by the Debtor under the Act proposed an extension and/or impairment of a secured obligation of a Member of the Federal Home Bank which was contrary to the subject matter jurisdiction of this Court by reason of § 517 of the Act. The Court not having subject matter jurisdiction of the Chapter XII, any proceedings under Chapter XII of the Act were a nullity and as such could not stand as a bar to Debtor herein filing its Chapter 11 case on December 3, 1979 under the Code. The last sentence of Fed.R.Civ.P. 41(b) eliminates a dismissal for lack of jurisdiction from operating as an adjudication on the merits. See *Carter v. Telectron, Inc.*, (5th Cir. 1977) 554 F.2d 1369. Also, although not being stated in the order dismissing the Chapter XII case, by reason of Bankruptcy Rule 120(c) it was a dismissal without prejudice.

*In re Ratmansky*, 7 B.R. 829, 6 B.C.D. 1362, C.C.H. Bankruptcy Law Reporter ¶ 67,882 (Bkrtcy.) concisely states the opinion of this Court. There, a Chapter XIII case under the Act was dismissed on March 10, 1980. On March 11, 1980, a Chapter 13 case was filed under the Code. A creditor filed a motion to dismiss the Chapter 13 case filed under the Code based on 403(a). The Court found this section to be no grounds for dismissal saying:

"We conclude that that section is inapplicable to the case at bench. Here, there is no case under the Act which is *presently* pending before us. The case which had been filed by the debtor under the Act has already been dismissed and the

only case before us is the one filed under the Code which is, therefore, governed by the provisions of that legislation, not the provisions of the Act." (Emphasis in original).

The Court distinguishes several cases noting that in each there was a pending case under the Act.

We do not read the *In re Macon Uplands Venture* cases to support Movant's contentions. In those cases the paramount concern of the District Court was protection of its jurisdiction. An injunction was important, and the injunction was affirmed on appeal. (5th Cir. 1980) 624 F.2d 26. The District Court in those cases found there was *pending* a Chapter XII under the Act when the Chapter 11 case under the Code was filed. The distinction between the *Macon Uplands* cases and the instant case is that in the instant case no case was *pending* under the Act when the Chapter 11 under the Code was filed.

The instant case is in the United States Bankruptcy Court for the Middle District of Georgia and the *Macon Uplands Venture* cases were decided by the Honorable Wilbur D. Owens, Jr., Chief Judge of the United States District Court for the Middle District of Georgia, and Movants assert that this Bankruptcy Court is bound by the District Court decisions in the *Macon Uplands Venture* cases. Movants also rely heavily on *Lincoln Plaza*, 6 B.R. 808, 6 B.C.D. 1233 (Bkrtcy.).

Insofar as *Lincoln Plaza* is contrary to the conclusions above, we respectfully disagree. Further, in *Lincoln Plaza* the Court was *not* dealing with a *pending* case under the 1898 Act, the Court treated the case under the 1898 Act as being dismissed and not pending although at Note 7 it would appear that it was not fully dismissed until June 30, 1980. The Court there treats 403(a) as "two separate and distinct predicates." In the above we observed that there is a conjunction "and," so we do not see that there are "two separate and distinct predicates." We also observed that a "case commenced" cannot "continue" unless is is *pending*.

Be that as it may, we agree that this Court is bound by the *Macon Uplands Venture* cases if they decided the same issue before this Court. We do not read those cases as does Movants. The facts there and here are different as more fully discussed above. In those cases the District Court found that there was *pending* at 1898 Act case,

"A Rule 58 judgment having never been entered following this court's October 10, 1980, opinion being filed, the appeal and all related matters including but not limited to exclusive jurisdiction of the debtor and his property, wherever located, remains in this United States District Court and before this United States District Judge." Case Nos. 79–200–MAC and 80–151–MAC (M.D.Ga., December 2, 1980).

"In enacting the Bankruptcy Reform Act of 1978 to become effective on October 1, 1979, Congress clearly and unambiguously stated the extent to which the Bankruptcy Reform Act of 1978 would apply to *pending* bankruptcy proceedings." (Emphasis added). 7 B.R. 293, 300.

"Appeal by the debtor to a district judge prevented the order of dismissal from becoming final and this court's exclusive jurisdiction from terminating." 7 B.R. 301.

". . . because as to this debtor whose bankruptcy proceeding had commenced and was still proceeding under the Bankruptcy Act of 1898, the Bankruptcy Reform Act did not exist . . ." 7 B.R. 301.

"Having heretofore determined that the *pendency* of the February 17, 1978, Chapter XII Real Property Arrangement proceeding which commenced under the Bankruptcy Act of 1898, precludes debtor from proceeding under the Bankruptcy Reform Act of 1978, . . ." (Emphasis added). 7 B.R. 301.

In the instant case there is no pending 1898 Act case and there was no pending 1898 Act case when the Chapter 11 case under the Code was filed.

Accordingly, IT IS ORDERED that the respective motions to dismiss filed by each of Movants be, and the same are hereby denied.