[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16081

_____

D.C. Docket No. 08-00417-CV-ORL-19-KRS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

ROSE CUMMINGS, on behalf of herself and
all others similarly situated,

Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2009)

Before CARNES, HULL, and COX, Circuit Judges.

PER CURIAM:

Rose Cummings filed this putative class action against State Farm Mutual

Automobile Insurance Company. Cummings's principal allegation is that State Farm

failed to replenish her personal injury protection and medical payment coverages after

State Farm recovered monies that it had wrongfully paid to medical providers. Cummings sought only declaratory relief. State Farm moved to dismiss, arguing that Cummings had alleged no injury, and thus had no standing to sue. The district court agreed, and dismissed the action with prejudice.

Cummings's Amended Complaint for declaratory judgment does not present a justiciable controversy. We have held that in actions brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. and Surety Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). In declaratory judgment actions, to show a justiciable controversy, the party invoking federal jurisdiction must allege facts showing:

> at an irreducible minimum, that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

*Id.* (internal quotation marks and citation omitted). The controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation marks and citation omitted).

In this case, the Amended Complaint does not allege that Cummings has suffered an actual or threatened injury resulting from State Farm's conduct, and thus does not plead a justiciable controversy. The Amended Complaint does not allege that State Farm has denied any claim filed by Cummings because her benefits were exhausted; nor does it allege that State Farm has threatened to deny any such claim. Accordingly, the district court correctly concluded that Cummings failed to allege any actual or threatened injury.

However, the district court inadvertently dismissed the action with prejudice. (R.4-46 at 4.) Because the existence of a justiciable controversy is a jurisdictional requirement, *Atlanta Gas Light*, 68 F.3d at 414, the district court lacked jurisdiction and should have dismissed the action without prejudice. *See Carter v. Telectron, Inc.*, 554 F.2d 1369, 1370 (5th Cir. 1977) (dismissal for want of jurisdiction must be without prejudice). We therefore vacate the district court's order dismissing with prejudice, and remand the case to the district court with instructions to dismiss for want of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS**.