In re **LUDWIG HONOLD MANUFACTURING COMPANY, Debtor.**

**CENTRAL PENN NATIONAL BANK, Plaintiff,**

v.

**Fred ZIMMERMAN, Trustee of Ludwig Honold Manufacturing Company, Inc. and Delaware Economic Development Authority and Bank of Delaware and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local No. 585, Defendants.**

**Bankruptcy No. 81–04610G.**
**Adv. No. 83–0987G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 13, 1983.

James A. Matour, White & Williams, Philadelphia, Pa., for plaintiff, Central Penn Nat. Bank.

Melvin Lashner, Philadelphia, Pa., for trustee/defendant, Fred Zimmerman.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants, Delaware Economic Development Authority and Bank of Delaware.

Paula R. Markowitz, Markowitz & Richman, Philadelphia, Pa., for defendant, Intern. Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local No. 585.

John J. Lamb, Philadelphia, Pa., for debtor, Ludwig Honold Mfg. Company, Inc.

Nancy V. Alquist, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Creditors' Committee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The only issue in the action at bar is whether we should deny a secured creditor's request for relief from the automatic stay under 11 U.S.C. § 362(d) based upon pend-

ing adversary action against the creditor. For the reasons stated herein we find that the pendency of these actions will not prevent the secured creditor from prevailing.

The facts of the case are as follows:[1] The plaintiff, Central Penn National Bank ("Central Penn"), held a perfected security interest in certain collateral of the debtor, Ludwig Honold Manufacturing Co. ("Honold"). The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local, No. 585 ("the Union") commenced an action in federal district court alleging that Honold engaged in unfair labor practices. Fearing dissipation of the collateral the district court ordered Central Penn to take possession of the collateral, liquidate $175,-000.00 of it and deposit the proceeds in an escrow account pending further order of the court. An involuntary petition for relief under chapter 11 of the Bankruptcy Code was filed against Honold on November 9, 1981. Shortly thereafter, relief was ordered and a trustee appointed. The district court then transferred jurisdiction of the Union's action and the escrow fund to this bankruptcy court. The parties have stipulated that Central Penn's mortgage is in excess of the $175,000.00 escrow fund. Currently pending in this court are the Union's transferred action and actions commenced by the Union, the trustee and the debtor against Central Penn alleging that its claim should be subordinated on equitable principles and that it received certain preferential transfers which should be avoided.

■ Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate. § 362(a). Central Penn has commenced proceedings in this court pursuant to § 362(d) to modify the stay in order to appropriate the escrow fund for its own use. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In addressing § 362(d)(1) Central Penn asserts that relief can be granted "for cause" due to the lack of an equity cushion protecting its security interest. A creditor's substantiated averments on this basis, if not refuted or undercut by the debtor, are sufficient for granting relief under § 362(d)(1). *Delaware Valley Savings & Assoc. v. Curtis (In Re Curtis)*, 9 B.R. 110 (Bkrtcy.E.D.Pa. 1981); *Clark Equipment Credit Corp. v. Kane (In Re Kane)*, 27 B.R. 902, 904 (Bkrtcy.M.D.Pa.1983). The parties have stipulated that the mortgage exceeds the amount of the escrow fund. Honold has not offered any evidence of adequate protection. In light of these facts and the authority of *Curtis* and *Kane* we find that Central Penn has established a prima facie case for relief under § 362(d)(1).

The sole defense presented by Honold is the pendency of the adversary actions against Central Penn. The legislative history of 11 U.S.C. § 362 and the case law state that a hearing on an action for relief from the automatic stay is typically not the proper forum for litigating counterclaims against the secured creditor. *Lincoln Bank v. High Sky, Inc. (In Re High Sky, Inc.)*, 15 B.R. 332 (Bkrtcy.M.D.Pa.1981); *Citibank, N.A. v. Executive Leasing Corp. (In Re Executive Leasing Corp.)*, 3 B.R. 261 (Bkrtcy.D.P.R.1980). As stated in the legislative history:

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

[A]t the expedited hearing under subsection [362](e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.,* 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 55, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, at 5841. Since the counterclaims in this action do not controvert the essence of Central Penn's claim for relief, we will defer their adjudication and grant the request for relief from the stay.