In re LUDWIG HONOLD MANUFACTURING COMPANY, Debtor.

CENTRAL PENN NATIONAL BANK, Plaintiff,

v.

Fred ZIMMERMAN, Trustee of Ludwig Honold Manufacturing Company, Inc., Delaware Economic Development Authority, Bank of Delaware and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its Local No. 585, Defendants.

Bankruptcy No. 81–04610G.
Adv. No. 83–0987G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 5, 1984.

James A. Matour, White & Williams, Philadelphia, Pa., for plaintiff, Central Penn Nat. Bank.

Melvin Lashner, Philadelphia, Pa., for trustee/defendant, Fred Zimmerman.

Neal D. Colton, Dechert Price & Rhoads, Philadelphia, Pa., for defendants, Delaware Economic Development Authority and Bank of Delaware.

Paula R. Markowitz, Markowitz & Richman, Philadelphia, Pa., for defendant, Intern. Union, United Auto., Aerospace and Agr. Implement Workers of America, and its Local No. 585.

John J. Lamb, Philadelphia, Pa., for debtor, Ludwig Honold Mfg. Co., Inc.

Nancy V. Alquist, Clark, Ladner, Fortenbaugh and Young, Philadelphia, Pa., for creditors' committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In response to our order of October 13, 1983, granting relief from the automatic stay to Central Penn National Bank ("Central Penn"), the trustee and the creditors' committee have moved for reconsideration based on the pendency of a marshalling action against Central Penn. For the reasons stated herein we will deny the motion.

The facts of the case are as follows:[1] An involuntary petition for relief under chapter 11 of the Bankruptcy Code ("the Code") was filed against Ludwig Honold Manufacturing Company, Inc. ("the debtor"), on November 9, 1981. Shortly thereafter relief was ordered and a trustee appointed. Central Penn, which holds a perfected security interest in a substantial amount of the debtor's property, commenced an action for relief from the automatic stay in order to foreclose its security interest. The debtor defended the action by urging that relief could not properly be granted due to the pendency of several of its adversary actions against Central Penn. After trial of the case but before the issuance of our opinion and order, the trustee and the creditors' committee filed a complaint for marshalling against Central Penn urging us to order the bank to proceed first against the collateral owned and held by the sureties on the debt prior to resort against the debtor's property. Central Penn filed a motion to dismiss

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

the complaint for failure to state a cause of action upon which relief could be granted. We entered an order and supporting opinion [2] denying the motion and on the same day filed our order and opinion [3] granting relief from the stay.

In our opinion supporting the order granting relief from the stay we noted that the "legislative history of 11 U.S.C. § 362 and the case law state that a hearing on an action for relief from the automatic stay is typically not the proper forum for litigating counterclaims against the secured creditor." 33 B.R. at 723. We quoted the following material from the legislative history of the Code:

[A]t the expedited hearing under subsection [362](e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as In re Essex Properties, Ltd., 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is

precluded is a determination of such collateral claims on the merits at the hearing.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 55, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, at 5841. We ruled that we would address the request for relief from the stay but defer adjudication of the counterclaims since the counterclaims did not go to the essence of the creditor's request for the relief sought.

The trustee and creditors' committee assert that the counterclaim for marshalling does go to the essence of Central Penn's request for relief. They contend that if they prevail on the marshalling action, and if Central Penn then successfully seeks recourse against the sureties' collateral, the bank will have no claim against the debtor. While this argument has superficial appeal, it ignores the fact that most successful counterclaims would diminish or eliminate a creditor's claim against the debtor. As stated in the legislative history, an objection to the allowance of a claim is a type of action not properly resolved in a request for relief from the automatic stay. Although the creditor's request for relief from the stay is predicated on such allowability of a claim, the issue of allowability need not be addressed until later. By analogy we can grant Central Penn's request for relief from the stay and adjudicate the counterclaim at some future time. If the trustee and the creditors' committee prevail, the bank, which certainly appears to be solvent, can disgorge the property or its value. More generally, factors to be considered in addressing a counterclaim in actions for relief from the stay are the time needed for its trial and adjudication, the amount of factual and legal overlap between the claim and the counterclaim, the likelihood that the creditor will be sufficiently solvent to satisfy the counterclaim, and whether the counterclaim goes to the essence of the request for relief from the stay. We hold that the counterclaim at

2. Committee of Creditors of Ludwig Honold Manufacturing Co., Inc. v. Central Penn National Bank (In Re Ludwig Honold Manufacturing Co., Inc.), 33 B.R. 724 (Bkrtcy.E.D.Pa.1983). Central Penn's motion for reconsideration of

this decision was denied by us. See, 34 B.R. 645 (Bkrtcy.E.D.Pa.1983).

3. 33 B.R. 722.

bench does not go to the essence of the bank's request for relief and we will defer until a later date the adjudication of the counterclaim.

 Alternatively, we deny the motion for reconsideration on the ground that the trustee and the creditors' committee waived the right to assert the pendency of the marshalling action by failing timely to commence the action. We reach this conclusion since the trustee and the creditors' committee did not institute the action for marshalling until after the completion of the hearing on the request for relief from the stay which was not commenced until seventeen months after the filing of the debtor's involuntary petition for relief. No reasons are presented for the delay in bringing the marshalling action. We find that granting a motion for reconsideration based on a counterclaim that was not filed until after the close of the hearing on the request for relief from the stay, absent any justification for the lateness of the counterclaim, would delay the adjudication of requests for relief from the stay without any notable counterbalancing benefit. We hold that reconsideration of our previous order cannot be based on an untimely filed counterclaim.