**In re Richard G. PAOLINO and Elaine M. Paolino, Debtors.**

**Bankruptcy No. 85–00759G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 31, 1986.

See also, Bkrtcy., 61 B.R. 607.

Andrew N. Schwartz, Jonathan H. Ganz, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for debtors, Richard G. Paolino and Elaine M. Paolino.

Arthur W. Lefco, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Home Unity Savings & Loan Ass'n.

Herbert Brener, Philadelphia, Pa., trustee.

Michael H. Reed, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee, Herbert Brener, Esquire.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for consideration is whether we should grant a secured creditor's motion for relief from the automatic stay under 11 U.S.C. § 362(d)(2) of the Bankruptcy Code ("the Code") in order to allow it to foreclose on several properties owned by the debtors. For the reasons set forth below, we will grant the motion for relief from the automatic stay.

The facts of this case are as follows:[1] In April, 1979, Home Unity Savings and Loan Association ("Home Unity") loaned the debtors, Richard and Elaine Paolino ("the Paolinos"), $400,000.00, secured by a mortgage on four properties owned by the debtors. The Note securing the mortgage required the debtors to make monthly payments to Home Unity in the amount of $3,776.76 on account of principal and interest, commencing on June 1, 1979 until May 1, 2004.

In February, 1983, the debtors defaulted in their obligations under the Note, and have since then failed to tender the required payments. As a result of the debtors' default, Home Unity filed a complaint in mortgage foreclosure and obtained a summary judgment in October, 1984. The debtors then filed a chapter 13 bankruptcy petition, which was dismissed, and thereafter four of the debtors' creditors filed an involuntary petition under chapter 11 of the Code and a trustee was appointed.

In April, 1985, Home Unity filed its initial motion requesting relief from the automatic stay in an attempt to enforce its rights in the subject properties. However, the hearing on Home Unity's motion was repeatedly continued at the request of the debtors and the trustee. Thereafter, Home Unity filed a complaint to prohibit the debtors' use of cash collateral on the ground that the debtors were collecting rents from the properties but were not turning the rents over to Home Unity in accordance

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

with the security arrangement. The parties then entered into a settlement agreement wherein the debtors agreed to turn over the rents collected from the properties on a monthly basis and further agreed that $300.00 of each rental payment would be applied to the outstanding principal balance of the mortgage and $3,490.00 would be applied to counsel fees and costs incurred by Home Unity in the proceeding, and thereafter to accrued interest.

Since August, 1985, the debtors have been making regular payments pursuant to the settlement agreement of approximately $4,600.00 per month. However, in November, 1985, Home Unity filed the instant amended motion for relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code ("the Code") in order to institute foreclosure proceedings on the four properties.

The evidence at the August, 1986, hearing on this matter showed that the balance of the debt owed to Home Unity after crediting all payments received under the settlement agreement, was $553,450.67. In addition, at least four other creditors held liens and encumbrances on the subject properties in excess of $522,000.00. As such, the total dollar amount of the liens and encumbrances to which the properties were subject, including Home Unity's lien, exceeded $1,000,000.00.[2] Evidence of the fair market value of the subject properties conflicted in that Home Unity's appraiser valued the properties at $622,000.00 while the debtors' appraiser valued the properties at $743,000.00.

■ Section 362(d)(2) of the Bankruptcy Code provides in pertinent part:

§ 362. Automatic stay.

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

（2) with respect to a stay of an act against property under subsection (a) of this section, if

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The Code further provides in § 362(g) that the party requesting relief from the stay has the burden of persuasion on the issue of the debtor's equity in the property while the party opposing such relief has the burden of persuasion as to all other issues. *In re Gilece*, 7 B.R. 469, 471 (Bankr.E.D.Pa. 1980). In determining whether the debtors have equity in the property, we adhere to the majority view that *all* encumbrances and liens to which the property is subject must be weighed against the the property's fair market value. *In re Mikole Developers, Inc.*, 14 B.R. 524, 525 (Bankr.E.D.Pa. 1981) (all encumbrances are totalled in determining whether an equity cushion exists, regardless of whether or not all lienholders have joined in the request for relief from the stay).

■ In the instant case, Home Unity argues that even if this court accepts the debtors' appraisal of the subject properties ($743,000.00), the total dollar amount of the liens and encumbrances far exceeds the properties' fair market value. The trustee argues, however, that there is equity in the properties based on the fact that the judgment liens at issue were declared void subsequent to the hearing on this matter. The trustee contends that this court should take

**2.** Home Unity also introduced evidence of a judgment lien in the amount of $2,736,235.04 held by Univest Mortgage Co. on the largest property owned by the debtors known as the William Tennent Middle School. The Univest mortgage contains a "blanket" provision so that a third lien on the four properties at issue in this case could exist if the sale of the William Tennent property is insufficient to cover Univest's claim. However, no evidence as to the value of the William Tennent School was introduced in this proceeding. Accordingly, in deciding whether there is equity in the the four subject properties, we will not consider the existence or the dollar amount, if any, of the lien held by Univest, nor will we pass on any of the issues raised by the parties in their briefs with respect to the settlement stipulation between Univest and the debtors.

judicial notice of these subsequent events and deny Home Unity's request for relief. We disagree. It is well settled that the time of the trial is the date the court uses to determine whether there is equity in the property, and the court can only consider the evidence presented at trial to determine if relief from the stay should be granted. *In re A.Z.J.Z., Inc.*, 22 B.R. 966, 967–68 (Bankr.E.D.Pa.1982). We ruled at the time of trial that the liens in question were relevant and admissible notwithstanding the fact that the debtors intended at that time to have them stricken from the property. The fact that the liens were subsequently avoided is not in evidence and therefore cannot be considered. Accordingly, we find that Home Unity has met its burden under § 362(g)(1) by showing that the debtors had no equity in the subject properties at the time of the hearing.

Sections 362(g)(2) and 362(d)(2) of the Code require that a party opposing a motion for relief from the stay has the burden of showing that the property is necessary to an effective reorganization. This burden is more difficult when, as in this case, there is no equity cushion in the debtors' property. The opposing party must show not only that the property is necessary to an effective reorganization but there is a reasonable probability of successful rehabilitation within a reasonable time. *In re Mikole Developers, Inc.*, 14 B.R. 524, 526 (Bankr.E.D.Pa.1981) (the mere fact that the property is indispensable to the debtors' survival, or that the property is needed in the debtors' business is insufficient, without more, to deny relief from the automatic stay when there is an absence of an equity cushion). The trustee argues that the properties in question are "necessary" to an effective reorganization because the sale of these properties will create a fund which would be available for orderly distribution to creditors of the estate. We disagree. First, the trustee's argument assumes that we will take judicial notice of the fact that certain liens were avoided subsequent to the hearing on this matter. As we have concluded above, however, only the evidence presented to this court at the hearing is relevant for determining equity, and at that time the liens had not yet been declared void. Hence, contrary to the trustee's assertion, there is no equity in the debtors' properties to facilitate an orderly distribution to creditors of the estate. Moreover, the debtors have been in bankruptcy for over a year and the trustee presented no evidence whatsoever which would indicate that there is a reasonable prospect for a successful reorganization. Accordingly, we find that the debtors have failed to meet the burden of proof required under § 362(g)(2), and Home Unity's motion for relief from the stay will therefore be granted.