**In re Richard G. PAOLINO and Elaine M. Paolino, Debtors.**

**Bankruptcy No. 85–00759F.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 24, 1987.

Jonathan H. Ganz, Andrew N. Schwartz, Pincus, Verlin, Hahn & Reich, P.C., Philadelphia, Pa., for debtor, Richard G. Paolino.

Arthur W. Lefco, David M. Giles, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Home Unity Sav. and Loan Assn.

Michael H. Reed, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for trustee, Herbert Brener.

Herbert Brener, Philadelphia, Pa., trustee.

Jeffrey Meyers, Charleston & Fenerty, Philadelphia, Pa., for Elaine M. Paolino, wife/debtor.

### OPINION

BRUCE FOX, Bankruptcy Judge:

Before me are the motions of the trustee and one of the debtors, Dr. Richard G. Paolino, seeking reconsideration of an order entered by this court on December 31, 1986.[1] That order granted Home Unity Savings and Loan Association ("Home Unity") relief from the automatic stay. The court's decision, issued by former Chief Judge Goldhaber, is reported as *In re Paolino*, 68 B.R. 416 (Bankr.E.D.Pa.1986). A hearing on the motions for reconsideration was conducted on February 12, 1987. For the reasons set forth below, the motions will be denied.

The factual background in this case was set out in Judge Goldhaber's opinion. 68 B.R. at 417–18. In the interest of economy, it will not be repeated here. Based on the facts before him, Judge Goldhaber held

---

**1.** A third motion for reconsideration of the December 31, 1986 order, raising different issues, was filed by the other debtor, Elaine M. Paolino.

By a separate memorandum and order issued on this date, her motion is also being denied.

that Home Unity is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2). He concluded that even accepting the debtors' $743,000.00 evaluation of the four subject properties,[2] Home Unity established that there is no equity because the fair market value is exceeded by the total dollar amount of the record liens on the properties. Judge Goldhaber rejected the argument of the debtor and the trustee that there is equity in the property because various record liens were avoided by the court subsequent to the hearing. He held that "[t]he fact that the liens were subsequently avoided is not in evidence and therefore cannot be considered." 68 B.R. at 419.[3] As a result, Judge Goldhaber found it unnecessary to consider the existence or dollar amount of a record lien on the subject properties in favor of Univest Mortgage Co. ("Univest").

At the time of the hearing, Univest held a mortgage and judgment lien in the amount of $2,736,235.04 on another property owned by the debtors, known as the William Tennent Middle School ("the School property"). The Univest mortgage contains a "blanket" provision which extends its lien to the properties which are the subject to Home Unity's motion. In effect, Judge Goldhaber held that, even without considering the Univest mortgage, there is no equity in the four subject properties.

At the hearing held on these reconsideration motions, the debtor and the trustee offered into evidence various orders entered by the court on September 10, 1986, avoiding certain liens on the properties. As these exhibits were not available at the time of the August 27, 1986 hearing, I exercised my discretion to reopen the record on the issue of equity and I accepted the exhibits into evidence. *See* Fed.R. Civ.P. 59(a) (allowing court to take additional testimony); *Channel 20, Inc. v.*

*World Wide Towers Services, Inc.*, 607 F.Supp. 551, 558–59 (S.D.Tex.1985); *cf. Stridiron v. Stridiron*, 698 F.2d 204 (3d Cir.1984) (judgment may be opened under Rule 60 for newly discovered evidence). Based on this evidence, the debtor and the trustee have established that the only liens which encumber the four properties which are the subject of Home Unity's motion are those held by: (1) Medical Funding Corp. in the amount of $56,850.15; (2) Home Unity, in the amount of $553,450.67; and (3) Univest in the amount of $2,736,235.04.

The argument made by the debtor and the trustee on the equity issue may be summarized as follows:

(1) the court should accept their proffered valuation of the subject properties of $743,000.00;

(2) without consideration of Univest's lien, there is equity in excess of $130,000.00 in the properties;

(3) Univest's lien should not be considered because:

(a) Univest should be required to first liquidate the School property before seeking to satisfy any deficiency against the four other properties;

(b) the amount of Univest's lien against the four properties, if any, cannot be established until it has completed foreclosure proceedings against the School property; and

(c) the value of the Univest lien is subject to further uncertainty due to a counterclaim the estate has asserted against Univest.

Assuming arguendo that the $743,000.00 appraisal is accurate and that the court can require Univest to look first to the School property before considering determining whether Univest's claim encumbers the four properties,[4] this argument fails. Im-

---

**2.** There was also testimony that the properties were worth considerably less, $622,000.00.

**3.** These liens were avoided pursuant to 11 U.S.C. § 506(d). I do not pass on the question whether there can be equity in property for purposes of section 362(d) when liens against that property have been avoided under section 506(d).

**4.** The trustee submits that this is proper under the doctrine of marshalling assets. I am doubtful whether, strictly speaking, that doctrine may be invoked here by the trustee as opposed to a junior lienholder. *See Matter of Hostetler*, 49 B.R. 737, 740 (Bankr.W.D.Pa.1985). *See also United States v. Gleneagles Investment Co.*, 584 F.Supp. 671, 688 (M.D.Pa.1984) *aff'd in part and rev'd in part on other grounds*, 803 F.2d 1288 (3d

plicit in this argument is the assumption that the value of the School property is sufficient to either fully satisfy Univest's $2.7 million dollar claim or at least reduce it to an amount less than approximately $130,000.00. However, there is no evidentiary foundation in the record for this assumption. None of the parties produced any evidence at all regarding the value of the School property and the existence or non-existence of other encumbrances which may have priority over Univest's lien.[5]

Based on the record before me, I conclude that Home Unity has satisfied its burden, under 11 U.S.C. § 362(g)(1), of proving that the debtor lacks equity in the subject properties. Home Unity has shown that the dollar amount of the record liens exceeds the fair market value of the four properties. This evidence establishes the lack of equity. In response to this evidence, the debtor and the trustee invoke the equitable doctrine of marshalling of assets. They ask the court to deny relief to which Home Unity would otherwise be entitled under 11 U.S.C. § 362(d)(2) due to existence and value of another property (*i.e.*, the School property). Significantly, the other property is not encumbered by a lien in favor of the movant herein, Home Unity, and is not a subject of this motion for relief from stay. At bottom, the debtor and the trustee are raising an affirmative defense; they assert that, notwithstanding the lack of equity in the four properties, there is an equitable basis to deny Home Unity relief. As the parties invoking this defense, the debtor and the trustee were obliged to establish the requisite facts to support the defense. They have failed to do so.

In the absence of evidence regarding the value of the School property, the debtor and the trustee argue that relief should be denied because the amount of Univest's lien on the four properties cannot be determined until after the School property has been liquidated. I cannot fathom the basis of this argument. This court routinely makes property valuation determinations in a variety of contexts. There was no apparent obstacle to the introduction of valuation evidence in this case with respect to the School property in this matter.

For these reasons, I conclude that Home Unity has met its burden of proof, 11 U.S.C. § 362(g)(1), and established that there is no equity in the four properties. *See, e.g., In re 6200 Ridge, Inc.,* 69 B.R. 837 (Bankr.E.D.Pa.1987).

Similar reasoning leads me to conclude that the mere existence of a counterclaim in favor of the estate against Univest does not aid the debtor and the trustee. Bankruptcy courts have generally recognized that the summary nature of relief from stay hearings preclude a full adjudication of counterclaims against the movant. However, the legislative history of the Code expressly states that the party opposing the grant of relief from stay is not precluded "from presenting evidence on the existence of claims which the court may

Cir.1986); *In re Ludwig Honold Manufacturing Co.,* 33 B.R. 722 (Bankr.E.D.Pa.1983); *In re A.E.I. Corp.,* 11 B.R. 97 (Bankr.E.D.Pa.1981). Nor is it clear to me that the court should consider the value of other assets when determining equity under section 362(d)(2) (as opposed to evaluating whether a creditor is adequately protected under section 362(d)(1)). *See In re 6200 Ridge, Inc.,* 69 B.R. 837, 842 n. 10 (Bankr.E.D.Pa.1987). However, as stated in the text, for purposes of argument, I will assume that there may be a legal basis to compel Univest to look first to the School property for satisfaction of its claim.

5. Home Unity asserts that there is evidence of value in the record. At a hearing held in another contested matter in this case, two appraisals of the School property were admitted into evidence. The higher of the two appraisals was $1.5 million. Home Unity argues that this evidence proves that liquidation of the School property will leave Univest with a deficiency of more than $1.1 million on its $2.6 million claim, far in excess of the approximately $130,000.00 in equity the debtor and the trustee allege exist in the four properties which are the subject of the motion *sub judice.*

The fallacy in this argument is that the appraisals were not admitted into evidence in the hearing held in this contested matter. Therefore, I cannot and have not considered the appraisals in ruling on the motions for reconsideration. *See In re Aughenbaugh,* 125 F.2d 887 (3d Cir.1942); *In re Key,* 58 B.R. 59 (Bankr.E.D.Pa. 1986). *See generally In re Eagson Corp.,* 37 B.R. 471 (Bankr.E.D.Pa.1984); *In re Ratmansky,* 7 B.R. 829 (Bankr.E.D.Pa.1980).

consider in exercising its discretion." S.Rep. No. 95–989, 95th Cong., 2d Sess. 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5841. Courts have permitted parties opposing motions for relief from stay to present evidence regarding claims and defenses which bear directly on the amount of the creditor's claim or the validity of the creditor's lien or title. *See In re Compass Van & Storage Corp.,* 61 B.R. 230 (Bankr.E.D.N.Y.1986) (court considered evidence that the debtor's obligation to pay rent to movant-landlord had been suspended by operation of state law); *In re Dennison,* 50 B.R. 950 (Bankr.E.D. Pa.1985) (debtor's challenge to the validity of the title of the moving party considered by the court); *In re Davenport,* 34 B.R. 463 (Bankr.M.D.Fla.1983) (debtor's avoidance claims under 11 U.S.C. §§ 547, 548 considered). As one court has observed,

> While adjudication of the merits of potential counterclaims and affirmative defenses could seriously infringe upon the creditor's right to an expedited hearing, it is perfectly appropriate to acknowledge the presence of such claims in determining ... the creditor's equitable right to relief.

*In re Tally Well Service, Inc.,* 45 B.R. 149, 152 (Bankr.E.D.Mich.1984). "Consideration" of such defenses and counterclaims may require the court to hear sufficient evidence to enable it to make a preliminary determination whether the party opposing relief is likely to prevail on the claim or defense. *In re Dennison,* 50 B.R. at 950; *In re Davenport,* 34 B.R. at 465; *cf. In re Compass Van & Storage Corp.,* (final findings on defense made in conjunction with denial of relief from stay). *But see In re Tally Well Service, Inc.,* 45 B.R. at 154

(relief from stay denied on basis of trustee' complaint challenging creditor's secured status without requiring trustee to submit any evidence).

This case differs from the cases cited above only in that the debtor and the trustee have challenged the claim of a junior lienholder, not the lien of the party seeking relief. Therefore, it was still incumbent upon the debtor and the trustee to offer some evidence to support their theory that Univest's claim is subject to a significant counterclaim.[6] Had such evidence been submitted, the court could have at least made a preliminary determination with respect to the estate's likelihood of success and the value of the counterclaim. This would have enabled the court to evaluate the assertion of the debtor and the trustee that Univest's claim will be reduced to a level at which there would be equity in the four subject properties. *See In re Gellert,* 55 B.R. 970, 976 (Bankr.D.N.H.1985). In the absence of the evidence, however, I will accept, for purposes of Home Unity's motion, the dollar value, as recorded, of Univest's lien against the four properties. *See In re Liona Corp. N.V.,* 68 B.R. 761, 765 (Bankr.E.D.Pa.1987).

Having concluded that there is no basis to disturb Judge Goldhaber's finding that the debtor lacks equity in the four properties, I must now address the issue whether the properties are necessary for an effective reorganization. At the original hearing on the motion, held on August 27, 1986, the debtor and the trustee submitted no evidence on the issue. The debtor argued that no testimony was required because Home Unity had not proved the lack of equity. *See* Debtor's Objections to Home Unity's Proposed Findings of Fact No. 32.

---

**6.** Some courts have declined to consider in stay relief proceedings claims similar to those asserted by the estate against Univest on the basis that they are "extraneous" or "collateral." *See, e.g., In re Vacuum Cleaner Corp.,* 33 B.R. 701 (Bankr. E.D.Pa.1983). It is not always easy to distinguish claims and defenses which are collateral from those which are not. One court proposes the following solution:

> (1) A ground for opposing stay relief to a secured creditor [will be permitted] if it deals with questions of equity, adequate protection, effective reorganization, and factual or legal *defenses* to the amount, priority or validity of

the lien in question; and (2) A ... [second category] involves an *affirmative* attack upon the underlying debt by way of offset or counterclaim in ordinary civil litigation.... While grounds in the second category will be "considered" by the court in a § 362 stay relief hearing, they will only be so considered in the summary manner appropriate to an equivalent request for a restraining order or preliminary injunction.

*In re Gellert,* 55 B.R. 970, 976 (Bankr.D.N.H. 1985) (emphasis in original). In this case, the evidence was not even offered.

The trustee simply argued that so long as there is a substantial expectation that an orderly liquidation will secure a dividend for the estate, the properties are "necessary" within the meaning of section 362(d)(2)(B). *See* Trustee' Brief in Opposition to Home Unity's Motion at 11.

At the hearing on the motion for reconsideration, I limited the debtor and the trustee to the submission of evidence which was not available at the time of the initial hearing. This was appropriate in light of their apparent tactical decision to contest only the equity issue in the original proceedings. It is not the purpose of a reconsideration hearing to allow a party to retry its case on a new legal theory because its first theory was unsuccessful. *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16 (D.Dela.1976); 6A *Moore's Federal Practice* ¶ 59.07, at 59–72 (2d ed. 1986); *cf. United States v. 63.04 Acres of Land*, 257 F.2d 68 (2d Cir.1958) (affirming, in part by analogy to Rule 59(a), trial court decision, on retrial, to limit record to admission of evidence erroneously excluded at the original trial). As a result, the only evidence submitted was a proposed trustee's plan of reorganization, which had not yet been filed of record.

As I recently held in *In re 6200 Ridge, Inc.*, to satisfy its burden under section 362(d)(2)(B) and (g)(2), a debtor "need only demonstrate a reasonable probability that it will be able to propose a plan for a successful reorganization within a reasonable time...." 69 B.R. at 843, *quoting, In re Jug End in the Berkshires, Inc.*, 46 B.R. 892, 902 (Bankr.D.Mass.1985). The reorganization may be based on a liquidating plan. *In re 6200 Ridge, Inc.; In re Koopmans*, 22 B.R. 395 (Bankr.D.Utah

1982); 2 *Collier on Bankruptcy* ¶ 362.-07[2] (15th ed. 1987).

The trustee's unfiled, proposed plan is, in significant part, a liquidating plan. It intends to make a distribution to creditors funded primarily from post-petition income from the debtor's medical practice [7] and the proceeds of the liquidation of property of the estate.[8] Under the plan, all real property will be liquidated except "any property ... which would be more beneficially retained by the estate because of the income which may be realized from such property." Exhibit R–9, at 5.

After evaluating the trustee's proposed plan, I conclude that debtor and the trustee have not met their burden of showing that the four properties are necessary for an effective reorganization. There is no dispute that the properties produce little income in excess of the interest accruing on the secured debt.[9] The trustee's express theory is that an orderly liquidation will create a fund to finance the distribution under the plan. *See* Trustee's Brief in Opposition to Home Unity's Motion at 11. The trustee has come forward with no other reason why the properties will make a contribution to the reorganization plan.[10] The trustee's theory makes sense only if there is equity in the four properties. As discussed above, I have resolved the equity issue against the trustee. Therefore, I must conclude that the properties are not necessary for an effective reorganization. *See In re 6200 Ridge, Inc.*

For the reasons set forth above, the motions for reconsideration will be denied. An appropriate order follows.

---

7. However, there is an unresolved dispute whether income from the debtor's medical practice is property of the estate available for distribution to creditors.

8. The plan also refers to the collection of claims of the estate, presumably the estate's claim against Univest.

9. Income from the properties is sufficient to reduce the principal debt to Home Unity at the rate of $300.00 per month.

10. One of the four properties is the residence of the debtor, Dr. Paolino, and his family, which the debtor values at $300,000.00. To the extent a successful reorganization may be dependent upon a profitable medical practice, the debtor and the trustee were free to present evidence, if any exists, that a sale of the residence would have a disruptive effect on the medical practice. Of course, Home Unity argues that an "expensive" personal residence is not necessary to effectively reorganize a medical practice. In any event, I need not reach the issue as no evidence was presented.