In re HOME HEALTH CORPORA-
TION OF AMERICA, INC., et
al., Debtors.

HHCA Texas Health Services,
L.P., Plaintiff,

v.

LHS Holdings, Inc.; Liberty Health Ser-
vices, Inc.; Nurses Today M/C, Inc.
and Mark H. O'Brien, Defendants.

Bankruptcy Nos. 99–347 (MFW)
to 99–381(MFW).
Adversary No. A–00–9 (MFW).

United States Bankruptcy Court,
D. Delaware.

Oct. 4, 2001.

Barry D. Kleban, Gary D. Bressler, Alan I. Moldoff, Adelman, Lavine, Gold & Levin, PC, Philadelphia, PA, for debtors/plaintiffs.

Charlene D. Davis, The Bayard Firm, Wilmington, DE, for debtors/plaintiffs.

Karen Lee Turner, Eckert, Seamans, Cherin & Mellott, LLC, Philadelphia, PA, for defendants.

Thomas S. Neuberger, Thomas S. Neuberger, P.A., Wilmington, DE, for defendants.

Neal D. Colton, Cozen & O'Connor, The Atrium, Philadelphia, PA, for the official committee of unsecured creditors.

### *OPINION*[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Defendants' Motion for Reconsideration of our Opinion dated June 29, 2000, in which we denied the Defendants' Motion for Partial Summary Judgment ("the Summary Judgment Motion"). The Plaintiff does not oppose reconsideration, but asserts that, nonetheless, our decision denying the Summary Judgment Motion was correct and should be upheld. Upon reconsideration, we deny the Summary Judgment Motion.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent not inconsistent with our findings of fact herein, we incorporate the facts as found in our June 29, 2000, decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 1999, Home Health Care of America ("HHCA") and its affiliates, which includes HHCA Texas Health Services L.P. ("the Plaintiff"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 19, 2000, the Plaintiff filed an adversary complaint against the Defendants seeking reimbursement for $667,955 that the Healthcare Financing Administration ("HCFA") claims is owed in overpayments on a Medicare provider agreement which the Plaintiff acquired from the Defendants.

The Defendants assert that they are entitled to offset or recoup against the amounts owed by them to the Plaintiff sums that are due to the Defendants by the Plaintiffs. As noted in our original decision, the Plaintiff had acquired five of the companies owned by Mark O'Brien. While the agreement to purchase all five was reached on December 4, 1996, these acquisitions were accomplished in two stages: Three companies, LHS Holdings, Liberty Health Services, Inc., and Nurses Today M/C (collectively "the LHS companies"), were acquired pursuant to an asset purchase agreement which closed on January 10, 1997. Two companies, PDN, Inc. and Medical I.V., Inc. (collectively "the PDN companies"), were acquired pursuant to a separate asset purchase agreement which closed on April 9, 1997. The parties agreed that the Plaintiff would manage the PDN companies during the period between January 10, 1997, and closing on the PDN deal.

On April 13, 2000, the Defendants' filed the Summary Judgment Motion and a memorandum of law in support thereof. The basis of the Summary Judgment Motion was the Defendants' assertion that the sale of the five businesses was a single integrated transaction so that the sums due by the Defendants to the Plaintiff in connection with the LHS businesses could be offset or recouped against the sums due by the Plaintiff to the Defendants in connection with the PDN businesses.

Two weeks after the filing of the Summary Judgment Motion, the parties filed a stipulation which we approved giving the Plaintiff until May 25, 2000, to respond to the Summary Judgment Motion and the Defendants until June 19, 2000, to file a Reply Brief. On June 29, 2000, the Defendants had still not yet filed their Reply Brief, and we issued our Opinion denying the Summary Judgment Motion based upon the pleadings submitted to date. One day later, the Defendants filed their Reply Brief.

The Defendants request reconsideration of our June 29, 2000, decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure. The Motion is premised entirely upon the contents of the June 30, 2000, Reply Brief.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (K), and (O).

## III. DISCUSSION

### A. Standards for Motion for Reconsideration

■ A motion for reconsideration under Rule 9023 is an extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995) (a motion to reconsider must rely on one of three major grounds: "(1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error [of law] or prevent manifest injustice"), *quoting Natural Resources Defense Council, Inc. v. United States EPA,* 705 F.Supp. 698, 702 (D.D.C.1989); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence"); *Dentsply Int'l., Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 417 (D.Del.1999) ("[motions for reargument] should be granted sparingly and should not be used to rehash arguments already briefed or allow a 'never-ending' polemic between the litigants and the Court").

The Defendants have not argued that there is any new evidence or a change in controlling case law; therefore the Defendants' motion can be premised only upon a "manifest" or "clear" error. They assert that the Court's failure to consider their Reply Brief is such. Although the Plaintiff apparently agreed to grant the Defendants an extension of time to file the Reply Brief, the Court was not consulted or advised of this. Without Court approval, the Reply Brief was untimely. (*See* District Court Local Rule 7.1.2.)

However, since the Plaintiff does not object, we will grant reconsideration and address the merits of the Defendants' Summary Judgment Motion in light of their Reply Brief.

### B. *Merits of the Defendants' Motion*

The issue presented by the Summary Judgment Motion is whether the two debts for which the Defendants seek setoff or recoupment arose from the same transaction. In our June 29, 2000, Opinion, we denied the Summary Judgment Motion on three bases: First, we held that a Memorandum upon which the Defendants relied was not admissible pursuant to Federal Rule of Evidence 408 because it was produced during settlement negotiations. (*See* June 29, 2000 Opinion at pp. 8–10.) Second, we concluded that an indemnification agreement which covered the two sales agreements did not dispositively prove that the two agreements were, in fact, a single integrated transaction. On the contrary, we concluded that the indemnification agreement merely provided a remedy for a breach of either agreement. (*Id.* at pp. 12–13.) Third, we found that there is a genuine issue of material fact whether the parties intended to treat the agreements as a single transaction, warranting denial of the Summary Judgment Motion. (*Id.* at p. 14, *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).)

### 1. *Admissibility of Memorandum*

The Defendants' Reply Brief addressed several issues. First, it asserts that the Memorandum is admissible because it was submitted in connection with arbitration, not with mediation as we had assumed in our decision. We agree with the Defendants that this fact is significant and warrants reconsideration of our decision excluding the Memorandum.

 Mediation is a process by which the parties meet with a neutral third party in an effort to settle their disputes. The mediator does not normally make any independent decision on the merits of the parties' dispute but is a facilitator of settlement discussions. The result is either a settlement or referral of the matter to trial. Therefore, pleadings submitted in connection with mediation are, as we concluded in our June 29, 2000, Opinion, properly excluded from evidence as settlement discussions under Rule 408 of the Federal Rules of Evidence.

■ Arbitration on the other hand is not in the nature of settlement discussions. Rather, it is a trial on the merits, although before a non-judicial tribunal. Pleadings submitted in connection with arbitration (which may include briefs and other pleadings similar to those filed in lawsuits) are not covered by Rule 408.

■ In our June 29, 2000, Opinion we had accepted the Plaintiff's assertion that the Memorandum was submitted in connection with a mediation process. This is incorrect. The Memorandum was submitted to a neutral third party who conclusively decided the issue in dispute. The parties agreed that that decision would be final and binding on them. This procedure was more akin to an arbitration than a mediation. Therefore, we conclude that the Memorandum submitted by the Plaintiff in connection with that adjudication is admissible.

### 2. Judicial Estoppel

However, after consideration of that Memorandum, we are not convinced that it warrants a determination that the transaction is an integrated, single transaction. The Defendants assert that the Memorandum is evidence that the Plaintiff conceded this point and that judicial estoppel precludes the Plaintiff from arguing to the contrary in this case.

■ The elements of judicial estoppel are "(1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently." *Devan v. CIT Group/Commer. Servs., Inc. (In re Merry-Go-Round Enters.)*, 229 B.R. 337, 345 (Bankr.D.Md.1999), *citing*

*Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir.1998).

■ The issue raised in the prior arbitration concerned the calculation of the purchase price for the PDN companies. In its Memorandum submitted in that arbitration, the Plaintiff argued that corporate overhead (largely the expenses of the LHS companies which managed PDN) must be allocated to the costs of operating the PDN companies in order to determine the EBITDA of the PDN companies, on which the purchase price was based. That argument was not an assertion that the sale of the PDN and the LHS companies was one transaction, rather it was an argument based on generally accepted accounting principles as to what EBITDA would normally include. It appears that the Plaintiff's argument would have been similar if the corporate overhead were incurred by any of its other companies. Contrary to the assertions of the Defendants, the Memorandum submitted by the Plaintiff in the arbitration did not argue or concede that the sale of the five businesses was a single transaction. Therefore, the Plaintiffs did not make a factual assertion in the arbitration which is contrary to the factual position they are asserting today.

Even if the Plaintiff were asserting that the five companies were acquired in a single transaction, the arbitrator did not accept that factual assertion in rendering its decision. Rather, the arbitrator allowed some of the corporate overhead costs in making its calculation of EBITDA but did not include all. Significantly, the prior decision did not assume or make any determination that the sale of the LHS companies and the PDN companies was a single transaction.

Therefore, we conclude that judicial estoppel does not apply. Consideration of the Memorandum (and the arbitrator's de-

cision) does not change our Opinion that we are unable at this stage to conclusively determine that the purchase of the five companies was a single integrated transaction.

### 3. *Standing*

In its Reply ˙Brief the Defendants also asserted that the Plaintiff did not have standing to argue that recoupment cannot defeat the rights of its secured creditors under applicable law and under the terms of a subordination agreement between the Defendants and the secured lenders. The Defendants argue that only the secured creditors could raise these arguments.

This issue has been mooted by our Order dated September 18, 2000, granting the unopposed Second Amended Motion to Intervene in this adversary filed by First Union National Bank. Consequently, First Union itself may raise these issues in the adversary.

### 4. *Remaining Arguments*

In the Reply Brief, the Defendants also reiterate many of the arguments advanced in their main brief. None of the arguments are based on any new evidence or change in controlling case law since our June 29, 2000, Opinion. Therefore, we conclude that they are insufficient to warrant modifying that Opinion.

## IV. *CONCLUSION*

For the reasons set forth above, we grant the Defendants' Motion for Reconsideration and, after doing so, reaffirm our decision to deny the Defendants' Motion for Partial Summary Judgment.