**In re LENOX HEALTHCARE, INC., et al., Debtors.**

**Charles M. Golden, Chapter 11 Trustee, Plaintiff,**

v.

**The Guardian, Defendant.**

**Bankruptcy No. 01–2288 (MFW).**

**Adversary No. 03–54314 (MFW).**

United States Bankruptcy Court, D. Delaware.

April 2, 2007.

Lenox Healthcare, Inc., pro se.

Steven T. Davis, Obermayer Rebmann Maxwell & Hippel LLP, Wilmington, DE, for Plaintiff.

## MEMORANDUM OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Charles M. Golden, chapter 11 trustee (the "Trustee") seeking reconsideration of the Court's Order granting partial summary judgment in favor of The Guardian Life Insurance Company of America ("Guardian") with respect to Count I of the Amended Complaint in the above-captioned adversary proceeding. Guardian opposes the Motion. For the following reasons, the Court will deny the motion.

## I. BACKGROUND

On July 10, 2001, Lenox Healthcare, Inc., and its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On July 30, 2001, the Trustee was appointed.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

On July 10, 2003, the Trustee filed a Complaint against Guardian seeking to avoid and recover three payments as alleged preferential, fraudulent, and unauthorized post-petition transfers. *Golden v. Guardian (In re Lenox Healthcare, Inc.)*, 343 B.R. 96, 99 (2006). On April 4, 2005, the Complaint was amended to include two additional pre-petition payments ("Amended Complaint"). *Id.* Count I of the Amended Complaint sought avoidance of the payments as preferential transfers pursuant to section 547 of the Bankruptcy Code. *Id.* at 107.

On November 28, 2005, Guardian filed a Motion for summary judgment arguing, among other things, that the Trustee failed to satisfy his burden of proof under section 547(b)(5).[2] *Id.* The Court issued an Opinion and Order on June 1, 2006 (the "Order") granting partial summary judgment in Guardian's favor on Count I.

On June 12, 2006, the Trustee filed a Motion for reconsideration of the Order. Guardian opposed the Motion. The matter has been fully briefed and is ripe for decision.

## II. *JURISDICTION*

This is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) & 157(b)(2)(A), (F), & (H).

## III. *DISCUSSION*

### A. *Standard of Review*

■ A motion for reconsideration will be granted if the moving party establishes: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) an amendment or alteration of judgment is needed to correct a clear error or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). The moving party cannot succeed by merely proffering arguments based on evidence available at the time of entry of the judgment. *See, e.g., Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."). Granting a motion for reconsideration is an extraordinary remedy. *In re Home Health Corp. of Am., Inc.*, 268 B.R. 74, 76 (Bankr.D.Del. 2001) ("A motion for reconsideration ... is an extraordinary means of relief in which the movant must do more than simply reargue the facts of the case or legal underpinnings.").

### B. *The Merits of the Motion for Reconsideration*

As the moving party on the summary judgment motion, Guardian carried the initial burden of demonstrating that there was no genuine issue as to any material fact on at least one element of the Trustee's preferential transfer Count. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). *See also* Fed.R.Civ.P. 56(c) (providing that summary judgment "shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

**2.** Section 547(b)(5) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b)(5).

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Guardian asserted that the Trustee had not met the requirements as to section 547(b)(5) because the Trustee admitted that "he did not perform any analysis or calculation to support his section 547(b)(5) allegation."

In response, the Trustee did not present *any* evidence to meet his burden to show that Guardian had received more than it would have received under a hypothetical chapter 7 liquidation and the pre-petition payment had not been made. *Lenox Healthcare*, 343 B.R. at 107. The Court noted that, in fact, the Trustee did not address this argument at all in his reply to Guardian's motion for summary judgment. *Id.*

Because Guardian satisfied its burden, the burden shifted to the Trustee to set forth "specific facts showing that there [was] a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court correctly concluded that, by failing to address Guardian's arguments in his reply, the Trustee failed to satisfy his burden. *Lenox Healthcare*, 343 B.R. at 107. In fact, in the Motion presently before the Court, the Trustee concedes that he failed to satisfy his burden on the Motion for summary judgment.

The Trustee asserts nonetheless in his Motion for reconsideration that the Court was required to take judicial notice of pleadings in the main case which supported the Trustee's Complaint. The Trustee argues that the Court's failure to take judicial notice of pleadings filed in the present ("Lenox II") and previous bankruptcy case ("Lenox I") was clear error. Specifically, the Trustee asserts that under the Lenox I plan of reorganization creditors did not receive payment in full of their claims. Further, seven months after the effective date of the Lenox I plan of reorganization, some of the Lenox I debtors filed new petitions commencing new chapter 11 proceedings. The Trustee further states that the statements and schedules in the Lenox II bankruptcy case reflect assets of $34,079,351.64 and liabilities of $56,407,036 ($48,177,819.22 of which were secured and $8,229,217.18 of which were unsecured). The Trustee also notes that the Court entered an Order on February 9, 2006, only partially approving the sixth interim fee application of counsel for the chapter 11 trustee, on the grounds that avoidance recoveries of $1.5 million would only satisfy a portion of the claims of the secured lender and administrative costs. Therefore, the Trustee asserts that the record amply reflects that there were insufficient assets to pay secured and unsecured creditors in full. Moreover, because the Court presided over both Lenox I and Lenox II, the Trustee argues that the Court was required to take judicial notice of the above facts and conclude that a 100 percent distribution to the creditors in Guardian's class in a hypothetical chapter 7 liquidation was not possible. *See, e.g., In re M Group, Inc.*, 308 B.R. 697, 700 (Bankr.D.Del.2004) (concluding that "as long as the distribution in bankruptcy is less than 100 percent, any payment 'on account' to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made"); *In re AmeriServe Food Distrib., Inc.*, 315 B.R. 24, 32 (Bankr. D.Del.2004) ("Bankruptcy courts generally take judicial notice of the documents in a [bankruptcy] case [as a whole] when making the 'greater percentage' analysis.").

■ The Court finds the Trustee's argument unpersuasive. The Court's failure to take judicial notice of the facts presented in the bankruptcy Schedules, Statement of Financial Affairs, and other pleadings filed

in the Lenox I and II bankruptcy cases was not clearly erroneous or manifestly unjust. The Trustee did not ask the Court to do so, did not identify specific pleadings on which he was relying, and failed to make any argument concerning the section 547(b)(5) analysis in his reply to Guardian's Motion for summary judgment. *In re BEV of Va., Inc.*, 237 B.R. 311, 315 (Bankr.E.D.Va.1998).

Until now, the Trustee did not even suggest that the Court take judicial notice of the facts presented in pleadings filed in the Lenox I and II cases. The Trustee cannot thrust his own burden on the Court or expect the Court to search the record to support an argument that the Trustee failed to make when presented with the opportunity to do so. *See, e.g., In re Aughenbaugh*, 125 F.2d 887, 888–89 (3d Cir. 1941) (concluding that, in deciding an issue, the court may only consider the evidence before it—namely, evidence presented by a party at a hearing—and not "other evidence which may have been in the files . . . in the bankruptcy administration proceeding.").

The Trustee's Motion for reconsideration is an attempt to have the Court consider arguments that should have been included in the Trustee's reply to Guardian's Motion for summary judgment. Accordingly, the Court concludes that the Trustee has failed to establish a basis for reconsideration of the Court's June 1, 2006, Order. Consequently, the Court will deny the Trustee's Motion.

## IV. *CONCLUSION*

For the foregoing reasons, the Court will deny the Trustee's Motion for reconsideration.

An appropriate order is attached.